# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JOHN RANDALL FUTCH,            )
                               )
    Movant,                    )
                               )
v.                             )   Case No. CV405-53
                               )   [Underlying CR402-285]
UNITED STATES OF AMERICA,      )
                               )
    Respondent.                )

## REPORT AND RECOMMENDATION

Movant has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal prison sentence. For the reasons that follow, the Court recommends that the motion be DENIED.

## I. BACKGROUND

On August 8, 2002, a federal grand jury returned a 14-count indictment against movant and six other codefendants alleging violations of federal drug laws. CR402-188, doc. 1. Specifically, movant was charged with conspiracy to possess with intent to distribute and to distribute five

kilograms or more of cocaine hydrochloride, distribution of cocaine hydrochloride, and using a minor to assist in avoiding detection or apprehension for the offense of cocaine distribution. Id. On February 21, 2003, the government dismissed its indictment against movant and instead proceeded against movant under the information that it had filed against him on November 7, 2002. CR402-285.

In the information, the government charged movant with one count of conspiracy to possess with the intent to distribute and to distribute 3.5 to 5 kilograms of cocaine hydrochloride between April 2002 and July 31, 2002. Doc 1.[1] The following day, movant entered a negotiated guilty plea to the information. Doc. 3.

On December 6, 2002, the probation officer prepared the presentence investigation report. In response, on January 13, 2003 and February 6, 2003, movant filed pro se motions to withdraw his guilty plea. Docs. 5, 11. These motions were denied. Doc. 12. On February 21, 2003, the Court sentenced movant to 240 months' imprisonment, near the low end of the applicable guideline sentencing range. Doc. 13.

---

[1]All further docket citations are to movant's criminal docket in case CR402-285.

Movant appealed, challenging the Court's refusal to allow him to withdraw his guilty plea. Doc. 17, 34. On March 31, 2004, the Eleventh Circuit affirmed the district court's denial of movant's motions to withdraw his guilty plea. Doc. 34. Movant then filed motions for appointment of counsel, which were denied. Docs. 36-39. Movant appealed and the appeal was dismissed. Docs. 40, 56.

On July 26, 2004, movant filed a motion for reconsideration of his sentence. Doc. 46, 48. The Court construed the motion as a § 2255 motion and allowed movant 30 days to either supplement or withdraw his motion. Movant chose to withdraw his motion. Docs. 54, 55.

Movant is presently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. He filed the instant, and timely, § 2255 motion through counsel on April 7, 2005. Doc. 57. In his motion, movant contends that his conviction and sentence violate his Sixth Amendment right to effective assistance of counsel. He further claims that his sentence violates his right to due process and equal protection under the Fifth Amendment.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, movant must satisfy the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, movant must demonstrate that the defective performance prejudiced his defense to such a degree that the results of the trial are called into question. Id.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). The reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must

indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In his motion, movant makes three claims of ineffective assistance of counsel. First, movant claims that his counsel was ineffective for failing to advise him that drug type and quantity were elements of the offense to which he was pleading guilty. Second, movant argues that his counsel failed to adequately contest the two level U.S.S.G. § 3B1.4 enhancement for using a minor to avoid being detected while completing a drug transaction. Lastly, movant contends that his counsel failed to appeal sentencing issues – the two level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, the two level enhancement for using a minor to avoid detection

during a drug transaction, and the denial of a three level U.S.S.G. § 3E1.1 reduction for acceptance of responsibility. As the government points out, movant has failed to show that he was prejudiced by these actions. The Court will address each separately.

### *Drug Quantity and Type*

Movant has claimed that his counsel was ineffective for failing to advise him that drug type and quantity and type were elements of the offense. The basis of this claim is unclear, but movant states that had counsel so advised movant, there is a reasonable probability that he would not have pled guilty, but would have proceeded to trial.

The government has construed this claim as having been based on the Supreme Court's decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and <u>Booker v. United States</u>, 125 S. Ct. 738 (2005). An initial problem with these claims is that movant's conviction became final on June 29, 2004 (after the ninety-day period for filing for certiorari to the Supreme Court expired), which was before the Supreme Court rendered its decision in <u>Booker</u>. <u>Booker</u> does not apply retroactively to cases on collateral review and therefore does not provide

movant a remedy in this case. <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005). Any <u>Booker</u> claim would also fail because movant clearly admitted by signing the plea agreement and at the Rule 11 hearing that he distributed 3.5 to 5 kilograms of cocaine powder. Doc. 14 at 5-6; Rule 11 Tr. at 21, 25-26.

<u>Blakely</u> also provides no remedy because it has no application to the federal sentencing guidelines. <u>United States v. Reese</u>, 382 F.3d 1308 (11th Cir. 2004).

Any claim based on <u>Apprendi</u> must also fail. In <u>Apprendi</u>, the Supreme Court held that other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 476. Here, no <u>Apprendi</u> error can exist because movant's sentence of 240 months' imprisonment does not exceed the statutory maximum for count one of the information, 40 years' imprisonment. 18 U.S.C. § 1326(a) & (b). Therefore, that decision does not provide movant a remedy.

Though the government has construed movant's claim as one made

pursuant to Booker, Blakely, and Apprendi, the Court finds that his claim is more appropriately characterized as a challenge to the voluntary and intelligent nature of his guilty plea. Even on this basis, movant's claim fails.

First, the plea agreement, which movant signed, contained a description of the charge to which movant was pleading guilty – conspiracy to possess with intent to distribute and to distribute 3.5 to 5 kilograms of cocaine powder. Doc. 14 at 4. By signing the plea agreement, movant admitted that he committed the offense as charged. The plea agreement specifically provides in bold letters that "[t]he government and the defendant agree and stipulate that the amount of cocaine hydrochloride involved in the conspiracy and reasonably foreseeable and attributable to the defendant is between 3.5 and 5 kilograms." Doc. 14 at 3-4. Then, at his Rule 11 hearing, movant admitted movant admitted that he and his attorney had reviewed the charges in the information. Rule 11 Tr. at 12. He further stated that he understood the charges against him. Id. at 13. The Court read the charge in the information, including the fact that the charged involved 3.5 to 5 kilograms of cocaine powder, and then explained

that the government would have to prove that movant and at least one other person "in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan *as charged in the information which I just read to you.*" Id. at 14. It was made clear to movant that in proving that he was guilty of the conspiracy charge, the government would have to prove that movant had conspired to possess or distribute 3.5 to 5 kilograms of cocaine powder.

Therefore, even if counsel did not specifically explain to movant that the government would have to prove the underlying conduct in order to secure a conviction for conspiracy, that point was made clear by the plea agreement and the Court's explanation of the charges and the consequences of his plea at the Rule 11 hearing. This claim is without merit.

### *Use of a Minor*

Movant also contends that his counsel was ineffective because he did not adequately contest at sentencing the two-level enhancement he received for using a minor to avoid being detected while conducting a drug transaction. Section 3B1.4 of the Sentencing Guidelines provides for a two-level enhancement to the base offense level if a defendant used or

attempted to use a person under the age of 18 years to commit the offense or to assist in avoiding detection or apprehension. U.S.S.G. § 3B1.4. According to movant, he should not have received the enhancement because the government "failed to show anything beyond mere presence" and "failed to show that [movant] acted affirmatively to involve the baby in the crime."

The transcript of movant's sentencing hearing reveals that on one occasion, movant once concealed cocaine underneath a baby who was riding next to him in a car. Sent Tr. at 41-44. Based on this testimony, the Court applied the enhancement.

Movant argues that the enhancement was not justified based on the Ninth Circuit's opinion in United States v. Jiminez, 300 F.3d 1166 (9th Cir. 2002). In Jiminez, the circuit court ruled that "[a]bsent other evidence, the 'mere presence of a minor' is not sufficient to support the application of § 3B1.4." Id. at 1170. Here, however, the enhancement was not based on the mere presence of the minor, but on movant's active use of the infant to conceal the drugs he was delivering.

The Court's application of the enhancement was fully justified based on the testimony at the sentencing hearing. Therefore, movant can show no prejudice resulting from his counsel's alleged error, and he is not entitled to relief on this claim.[2]

### *Obstruction of Justice Enhancement*

Movant further argues that his counsel was ineffective for failing to appeal the Court's two-level enhancement of his sentence pursuant to U.S.S.G. § 3B1.1 for obstruction of justice. In his motion, movant claims that the Court applied the enhancement based on movant's refusal to speak with the probation officer. Movant further claims that such facts cannot form the basis of the enhancement. The record shows, however, that the Court applied the obstruction enhancement not based upon any refusal on movant's part to talk to the probation officer, but rather upon the Court's

---

[2]This claim could have been raised on direct appeal, but was not. See Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) ("A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development"); see also, United States v. Andrews, 953 F.3d 1312, 1327 (11th Cir. 1992) (holding that ineffective assistance claims may be considered on direct appeal where the record contains sufficient evidence to resolve the issue). Therefore, it is procedurally defaulted absent a showing of cause and actual prejudice for the failure to raise it earlier. United States v. Frady, 456 U.S. 152, 167-168 (1982). No such showing has been made.

finding that movant had provided materially false information to the Court through pro se pleadings and in his testimony before the Court.

Specifically, movant admitted at sentencing that he had lied in pro se pleadings about being coerced into entering a guilty plea, that he had only met with his counsel twice, and that he was wrongfully convicted. Sent. Tr. at 25-26, 29. Perjury and providing materially false information to a judge trigger application of the obstruction of justice enhancement. U.S.S.G. § 3C1.1, comment (n.(b) and (f)). The Court did not err in applying the enhancement. Movant has failed to show that he was prejudiced by his counsel's alleged error. Therefore, he is entitled to no relief on this claim.

### *Acceptance of Responsibility Reduction*

Lastly, movant faults his sentencing counsel for failing to appeal the Court's denial of a three-level reduction for acceptance of responsibility. As movant correctly points out, he lost the three-level reduction for acceptance of responsibility because of the enhancement he received for obstruction of justice. According to the guidelines, an adjustment for acceptance of responsibility is not warranted when a defendant's conduct results in an obstruction of justice enhancement. U.S.S.G. § 3E1.1, comment (n.4). See

also United States v. Arguedas, 86 F.3d 1054, 1059-60 (11th Cir. 1996) (holding that adjustment for acceptance of responsibility not appropriate where defendant repeatedly made materially false statements to authorities and district court, resulting in enhancement for obstruction of justice).

Though there may be extraordinary cases in which the obstruction enhancement does not preclude an acceptance of responsibility reduction, the decision whether to give the reduction rests with the district judge. U.S.S.G. § 3E1.1, comment (n.4); see also United States v. Amedeo, 370 F.3d 1305, 1320 (11th Cir. 2004); United States v. Singh, 291 F.3d 756, 764-65 (11th Cir. 2002). At sentencing, the district judge agreed with the AUSA that movant's case was not an extraordinary one in which the §3E1.1 reduction should apply despite the § 3C1.1 enhancement. Sent Tr. at 36-37, 49. The Court's ruling was not erroneous. Therefore, movant has failed to show prejudice and is not entitled to relief on this claim.

## B. Interference with Right to Counsel

Movant has claimed that the government interfered with his right to counsel by wrongly filing a forfeiture claim on $18,997.89 seized from his bank account. According to movant, had these funds been available, he

could have retained the counsel of his choice instead of having the Court appoint counsel for him. The government opposes this claim.

The funds in question was seized by the DEA on August 5, 2002, less than one week after movant's arrest. Based on DEA Agent Russell Smith's belief that the money constituted proceeds of movant's admitted cocaine distribution activity, the DEA began administrative forfeiture proceedings. On August 31, 2002, the DEA in Virginia received movant's claim to the money. On October 17, 2002, movant petitioned for remission of the forfeiture, claiming that the funds were "legal proceeds from a trust account maintained for his benefit." Resp. Exh. 4. Movant did not identify the actual source of the funds.

On October 31, 2002, the DEA in Virginia referred the administrative forfeiture case to the U.S. Attorney's Office, Southern District of Georgia. On January 21, 2003, within the 90 day period contemplated by 18 U.S.C. § 983(a)(3)(A) and after movant had already pleaded guilty in his criminal case, AUSA James Coursey filed a complaint for forfeiture in rem against the money. CV403-10, doc. 1. In the complaint, the government outlined the factual basis for its assertion that probable cause existed to believe that

the funds were drug proceeds. That factual was based on the results of Agent Russell Smith's investigation of movant's involvement in the drug trade.

After he was sentenced, on May 28, 2003, movant filed pleadings in his civil forfeiture case claiming that the currency belonged to him, but provided no explanation for the basis of his claim of ownership. CV403-10, doc. 7. He later stated that the "funds came from a trust [account] and $25,000.00, was issued in a certified check and returned to Mr. Pittman." Id. at 14. Movant further stated that "Mr. Pittman got a check from his stepmother's trust and gave me $25,000.00 for a business venture, partnership." Id. This was the first time movant had provided any specific information about the source of the funds.

On September 10, 2003, the government interviewed David Pittman regarding the source of the funds. At this time, the government was able to confirm movant's claim that the money seized was not drug proceeds. On September 18, 2003, the government responded to movant's motion for summary judgment arguing that Pittman may have a superior claim to the money. CV403-10, doc. 19. On September 3, 2003, Pittman moved to file

a late claim in the forfeiture case. Id., doc. 24. At this time, it appears that the government has attempted to settle this case with movant, but that no formal settlement agreement has been reached. The case remains pending.

While there is a constitutional right to retain your counsel of choice, that right is not absolute. Wheat v. United States, 486 U.S. 153, 159 (1988) ("Thus, while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."). For example, the right is overridden by the "strong governmental interest in obtaining full recovery of all forfeitable assets." Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 631 (1989). While it may have turned out that the assets were not ultimately forfeited because the government's investigation eventually revealed that the funds were not drug proceeds, this Court had found that probable cause justified their seizure. CV403-10, doc. 1 at ¶ 31. Thus, the legitimacy of these assets was contested and movant had no right to use them to retain counsel. See United States v. Bissell, 866 F.2d 1343,

1351 (11th Cir. 1989) (holding that "the right to counsel of choice belongs solely to criminal defendants possessing legitimate, uncontested assets"). Movant is entitled to no relief on this claim.

The Court notes that movant has also argued with respect to the forfeiture count that the government used testimony in its verified complaint for forfeiture that it knew or should have known was false. Specifically, movant alleges that the factual statements in the complaint for forfeiture conflict with the factual statements contained an unexecuted settlement agreement dated January 20, 2005. Def. Exhs. A, B. Movant does not identify any specific statements that he claims to be false.

The Court has reviewed both documents and agrees that some of the factual statements do diverge to some extent. This can obviously be explained by the fact that the verified complaint was prepared in January of 2003, before the government had been able to fully investigate the source of the funds in question, and the factual statements therein related to Agent Smith's drug investigation. The settlement agreement, however, was drafted over two years later after the government had been able to investigate and determine the true source of the funds.

Moreover, the Court notes that the verified complaint never purports to assert with any certainty that the funds in question were drug proceeds. Rather, they merely supported the government's contention that there was probable cause to believe that the funds were derived from the sale of drugs. That fact was already established by this Court when it issued a warrant to seize the funds. The fact that the government's, the agent's, or the Court's reasonable belief turned out to be wrong does not render the statements in the verified complaint false. This claim is without merit.

### C. The State Habeas Claim

Lastly, movant has informed the Court that on September 27, 2004, the Superior Court of Chatham County granted his habeas corpus motion on the grounds that his July 29, 1993 guilty plea to second degree criminal damage to property was not knowing, intelligent, and voluntary. On May 9, 2005, the Georgia Supreme Court affirmed the habeas court's grant of relief. Movant claims that he is entitled to resentencing with a reduced criminal history category based on the state habeas court's ruling. He further claims that the sentencing court should give him the benefit of the

Supreme Court's recent decision in United States v. Booker, 125 S. Ct. at 738.

The government concedes that movant is entitled to resentencing based on the vacatur of his 1993 state conviction because he has timely raised the issue. See Johnson v. United States, 125 S. Ct. 1571, 1576 (2000) (holding that when a § 2255 movant attacks his sentence on ground of vacatur of state conviction used to enhance the federal sentence, the AEDPA's one-year statute of limitations begins to run when movant receives notice of the order vacating the prior conviction provided that it was sought with due diligence after entry of judgment in federal case). The Court agrees that resentencing is required on this basis alone.

### III. CONCLUSION

Based on the foregoing, the Court RECOMMENDS that the motion for resentencing based on the vacatur of movant's state sentence be GRANTED. Relief on all other grounds should be DENIED.

**SO REPORTED AND RECOMMENDED this 21st day of June, 2005.**

*[Signature]*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

# United States District Court
## Southern District of Georgia

JOHN RANDALL FUTCH  )

vs  )  CASE NUMBER  CV405-53 (CR402-285)

UNITED STATES OF AMERICA  )  DIVISION  SAVANNAH

)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated June 21, 2005 , which is part of the official record of this case.

Date of Mailing:  June 21, 2005

Date of Certificate  ☐ same date,  or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

John Randall Futch, 08700-021, Federal Correctional Institution, P.O. Box 725, Edgefield, SC 29824
Cheryl J. Strum, 387 Ring Rd., Chadds Ford, PA 19317
Amy Lee Copeland, Esq.

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate