# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JOHN RANDALL FUTCH,                )
                                   )
    Movant,                        )
                                   )
v.                                 )    Case No.   CV409-146
                                   )               [CR402-285]
UNITED STATES OF AMERICA,          )
                                   )
    Respondent.                    )

## REPORT AND RECOMMENDATION[1]

John Randall Futch moves over the government's opposition for 28
U.S.C. § 2255 relief.  (Doc. 1.[2])  For the following reasons, his motion
should be **DENIED**.

## I.    BACKGROUND

Futch pleaded guilty in 2002 to a one-count information charging
him with conspiracy to possess with intent to distribute and to distribute

---

[1] The district judge assigned to this case declined to adopt an earlier Report and
Recommendation ("R&R") (doc. 20) since it relied upon *Magwood v. Culliver*, 555 F.3d
968, 975-76 (11th Cir. 2009), a case recently reversed by the United States Supreme
Court.  (Doc. 26, *citing Magwood v. Patterson*, ___ U.S. ___, 130 S. Ct. 2788 (2010).)
This R&R has been modified in accordance with the district judge's instructions.

[2] Unless otherwise noted, citations are to the docket in movant's civil case,
CV409-146.  "Cr. doc." refers to documents filed under movant's criminal case,
CR402-285.

3.5 to 5 kilograms of cocaine hydrochloride. (Cr. doc. 1.) The sentencing judge imposed 240 months' imprisonment, which was affirmed on appeal. (Cr. docs. 13 & 34.) In the meantime, Futch collaterally attacked a state conviction that had impacted his federal sentencing guidelines calculation, and that underlying conviction was vacated in state court. (Cr. doc. 60 at 18-19.) Through counsel, Futch filed a § 2255 motion (cr. doc. 57), which the Court granted in part based upon the state conviction vacatur. (Cr. docs. 60 & 64.) Futch was resentenced on June 23, 2006 to a term of 215 months' imprisonment. (Cr. docs. 74 & 75.) He appealed the amended sentence, and again it was affirmed by the Court of Appeals. *United States v. Futch*, 518 F.3d 887, 895, 896-98 (11th Cir. 2008) (affirming Futch's new sentence and denying a certificate of appealability as to the § 2255 claims that were denied by this Court). Thereafter, he filed the present § 2255 motion, asserting the following grounds for relief:

> (1)   the sentencing judge erred by resentencing movant in violation of *United States v. Booker*, 543 U.S. 220 (2005), since he failed to consider all of the 18 U.S.C. § 3553(a) sentencing factors and improperly relied upon the probation officer's presentence investigation report's ("PSI") drug calculations and other factual findings;

(2)     in violation of movant's due process and equal protection rights at his resentencing, the PSI treated the sentencing guidelines as mandatory by making no effort to engage in an independent analysis of the factors set forth in 18 U.S.C. § 3553(a)(4);

(3)     resentencing counsel performed deficiently for failing to argue that movant's new sentence should be determined pursuant to *Booker* and *Gall v. United States*, 128 S. Ct. 586 (2007), and his appellate counsel performed deficiently during his second direct appeal for failing to pursue the *Booker* claim;

(4)     appellate counsel during his first *and* second appeals performed deficiently by failing to argue that the sentencing judge improperly imposed a two-level obstruction of justice sentencing guidelines upward adjustment and improperly denied an acceptance of responsibility downward adjustment.

(Doc. 1 at 5-13; doc. 2 at 8-17.)[3]

---

[3]  Futch raises four claims in his form § 2255 motion: (1) the conviction was obtained and sentence imposed in violation of his right to effective assistance counsel, particularly for sentencing counsel's failure to raise a *Booker* claim; (2) the sentence violates the Fifth and Sixth Amendments based upon a faulty PSI, which did not treat the sentencing guidelines as mandatory and did not make any effort to analyze the 18 U.S.C. § 3553(a)(4) sentencing factors; (3) appellate counsel during his *first* appeal was ineffective for failing to appeal a sentencing enhancement; and (4) appellate counsel during his *second* appeal was ineffective for failing to pursue a *Booker* claim. (Doc. 1 at 4-10.)

In Futch's brief, however, he states that he is raising *two* claims: (1) ineffective assistance of counsel, and (2) violations of due process and equal protection. (Doc. 2 at 2.) Yet nested inside ground 2 are two claims of attorney ineffectiveness labeled as grounds 3 and 4. (*Id.* at 8-17.) Ground 4 is the same in both the brief and the motion. But the rest of his claims in the brief are a bit out of sync with his claims in the motion. For example, while ground 3 in the motion is similar to ground 3 in the brief, the brief covers an additional attorney ineffectiveness claim regarding the sentencing judge's denial of a sentencing break for acceptance of responsibility, and it does not specify

## II. ANALYSIS

The government contends that Futch's motion is successive and should be dismissed. (Doc. 6 at 4.) Alternatively, it contends that his claims are meritless. (*Id.*)

### A. Successiveness

As noted above, this is Futch's second § 2255 motion.[4] According to the Antiterrorism and Effective Death Penalty Act of 1996, "before a second or successive application permitted by [§ 2255] is filed in the

whether he is attacking his first or second direct appeal. (Doc. 1 at 7; doc. 2 at 15.) Movant also raises the same ineffectiveness claims *again* in ground 1 of his brief. (Doc. 2 at 9-13.) Out of an abundance of caution, the Court construes his motion as raising the same ineffectiveness claims as to both his first and second appellate attorneys. Even so, to the extent Futch is attempting to raise ineffective assistance in grounds 3 and 4 of his brief as a *gateway* to some due process or equal protection violation, the analysis is unchanged -- he must first show that his attorney was ineffective before such a violation could trigger another constitutional provision, and he has failed to do so. Finally, grounds 1 and 2 are also broader in Futch's brief than in his motion.

Given the confusing nature of Futch's filings, the Court has reorganized his claims. Most of them revolve around an alleged *Booker* violation at sentencing. (Doc. 1 at 4, 6, 9; doc. 2 at 8-9, 13, 14-15, 16-17.) The Court will analyze his *Booker* claims in a different progression, first addressing the underlying *Booker* issue as ground 1, then the related PSI and attorney ineffectiveness claims as grounds 2 and 3, respectively. Additionally, the Court has consolidated Futch's non-*Booker* attorney ineffectiveness claims into a single ground for relief -- ground 4.

[4] Technically speaking, this is Futch's *third* § 2255 motion. He filed a motion for reconsideration, which the Court construed as a § 2255 motion. (Cr. doc. 53.) After providing him the warnings required by *Castro v. United States*, 540 U.S. 375, 381 (2003), Futch withdrew it. (Cr. doc. 54.)

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement). While a cursory reading of the statute would apparently bar this case in its entirety absent court of appeals authorization, the case law makes clear that a second § 2255 motion is not necessarily "second or successive." When a movant has been resentenced after a *grant* of § 2255 relief, he may file a second § 2255 motion attacking constitutional errors that occurred during and after resentencing. *See Magwood*, 130 S. Ct. at 2792 (applying principle to § 2254 petition); *Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010) (extending *Magwood* to § 2255 motions). As the Supreme Court recently explained, the "second or successive" bar only applies to applications that challenge the same *judgment. Id.*; *id.* at 2796-2801. Whether the same sentencing claim was available when attacking the earlier sentence is irrelevant, since "[a]n error made a second time is still a new error." *Id*. at 2801; *cf. In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000). Thus, to the extent "[Futch's] habeas application challenges a new judgment for the first

time, it is not 'second or successive' under § 2244(b)." *Magwood*, 130 S.

Ct. at 2792; ); *see also Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir.

2000) (per curiam) ("Every circuit that has addressed the issue has agreed

that, under the AEDPA, when new claims originate at resentencing, those

claims may be brought in a subsequent habeas petition without the

necessity of obtaining permission from the circuit court before filing the

petition.").

Here, Futch raises claims arising not only from his resentencing but

also from his *first* direct appeal. The Court need not delve into the

"second or successive" issue as to that claim, however.[5] As noted above,

---

[5] Futch also conclusorily alleges that his *conviction* is invalid based upon a *resentencing* error. (Doc. 1 at 4.) It is unclear whether Futch can challenge the undisturbed conviction. Prior to *Magwood*, it was commonly held that a § 2255 movant may not assert claims concerning errors that occurred *prior* to resentencing, which concern a different, undisturbed judgment, without seeking court of appeals certification. *See Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007) (collecting cases); *Storey v. Vasbinder*, 2009 WL 1620435 at *4 (E.D. Mich. June 9, 2009) ( "[A] successful habeas petitioner who is . . . re-sentenced may attack the new judgment of sentence in a subsequent habeas petition, . . . [but] a second-in-time habeas petition is successive as to events that took place before the petitioner filed his first habeas petition."). The *Magwood* Court declined to address the issue, since the matter was not presented. It noted, however, that the courts of appeals that have addressed the matter have held that movants may only challenge the portion of a judgment that resulted from a previous successful action. *Magwood*, 130 S. Ct. at 2803; *Id.* at n.16.

The Eleventh Circuit has not provided any guidance here. The Second Circuit, however, concluded that a movant *may* challenge his conviction after a § 2255 grant

Futch argues in ground 4 that during his first *and* second direct appeals his appellate attorneys performed deficiently. (Doc. 1 at 7 (listed as ground 3 in the motion).) The Court addresses the *second* appeal in detail in its ground 4 discussion below. The claim as to his first appeal is another matter.

Futch admittedly raised the same appellate ineffectiveness claim regarding his first direct appeal in his first § 2255 motion and it was denied. (*Id.*) Specifically, he argued that his appellate counsel performed deficiently by failing to appeal a sentencing enhancement for obstruction

and resentencing:

> Because the petitioner in *Magwood* challenged only his sentence in the § 2254 petition he filed after his amended judgment, the Supreme Court explicitly declined to address the question of whether its reading of 28 U.S.C. § 2244(b) "would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, new sentence, but also his original, undisturbed conviction." *Magwood*, 130 S. Ct. at 2802. Under *Magwood*, however, where "there is a new judgment intervening between the two habeas petitions, ... an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* (internal quotation marks omitted). And the Supreme Court has previously stated that "[a] judgment of conviction includes both the adjudication of guilt and the sentence." *Deal v. United States*, 508 U.S. 129, 132, 113 S. Ct. 1993, 124 L. Ed. 2d 44 (1993). It follows that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both.

*Johnson*, 623 F.3d at 45-46. It matters little here, however, since the ground 1 facts show that Futch is actually raising sentencing errors, not conviction errors. (Doc. 1 at 4.)

of justice, which led to the loss of the downward adjustment for acceptance of responsibility. *Futch v. United States*, No. CV405-053, doc. 1 at 16-17 (S.D. Ga. filed Apr. 5, 2005). The claim is moot, since Futch received a second direct appeal after resentencing where the claim could have been raised again without regard to the earlier direct appeal. Moreover, the claim is as invalid now as it was then. *Id.*, doc. 11-12 (Report and Recommendation ("R&R") proposing that the claim be denied); *id.*, doc. 9 (Order adopting R&R); *see* ground 4 discussion, *infra*.

While ground 4, to the extent it attacks Futch's original appeal, is effectively dead, the government's successiveness argument fails. Thus, the Court must address Futch's claims.

## B. *Booker* Claims

Futch claims in ground 1 that the sentencing judge erred under *Booker* by treating the sentencing guidelines as mandatory. (Doc. 1 at 4; doc. 2 at 13.) Specifically, the judge erred by failing to consider "all" of the 18 U.S.C. § 3553(a) sentencing factors and by relying upon drug quantity calculations in the PSI in setting his sentence.[6] In ground 4, he contends

---

[6] Futch also claims that the sentence violated *Gall v. United States*, 128 S. Ct. 586 (2007). (Doc. 1 at 4.) *Gall* was decided *after* Futch's resentencing. Moreover, it

that his sentencing and appellate attorneys were ineffective for failing to pursue the *Booker* claim, and in ground 2 he argues that the PSI failed to treat the guidelines as advisory. (Doc. 1 at 5, 8.) These claims are either directly contrary to the record, undermined by binding Eleventh Circuit authority, or both.

As to the underlying issue, Futch first suggests that the sentencing judge violated *Booker* by failing to "consider all of the factors under 18 U.S.C. § 3553(a)," which shows that he was sentenced as if the guidelines were a mandatory regime. *See United States v. Gerald*, 365 F. App'x 188, 192 (11th Cir. 2010) ("After *Booker*, sentencing requires two steps. First, the district court must consult the United States Sentencing Guidelines and correctly calculate the range provided by the Guidelines. . . . Second, the district court must consider the factors delineated in 18 U.S.C. § 3553(a)."). The sentencing judge, however, repeatedly emphasized the advisory nature of the sentencing guidelines during Futch's resentencing:

---

simply elucidated the proper application of *Booker* in a very different context. In *Gall*, the Eighth Circuit applied a rule requiring a sentencing judge to find "extraordinary circumstances" warranting a sentence outside the guidelines range. *Id.* at 47. While *Gall* is in the *Booker* line of cases, it has no particular application here.

THE COURT:    Questions of guideline application have arisen with respect to the conclusions contained in Paragraphs 17, 20, 25, 26, 27, 28, 29 and 31. And the Court notes that the Eleventh Circuit has determined in the *Rodriguez* case that guideline sentencing enhancements should continue to be applied post-*Booker* as they were pre-*Booker*, and that the impact of *Booker* is that the guidelines are no longer binding on the Court, but that the Sentencing Court should consider the guidelines in an advisory manner.

After considering the objections raised in this case, and considering those guidelines in an advisory manner, the Court concurs with the findings of the presentencing report, including the findings in the addendum, and determines that the applicable advisory guidelines are: a total offense level 34; criminal history category 4; 210 to 262 months of imprisonment; at least four years of supervised release; a $17,500.00 to a $2,000,000.00 fine; no restitution; and a $100.00 special assessment. . . .

(Cr. doc. 81 at 8, 13.) Moreover, § 3553(a) was a frequent topic of discussion. Futch's attorney at resentencing, Cheryl Sturm, explicitly raised the § 3553(a) issue:

MS. STURM:    Of course in the memorandum we've set forth the provisions that the Court is well aware of for 3553(a) regarding the Court imposing a

10

sentence sufficient but not greater than
necessary to comply with the provisions of the
rest of that statute; and of course asking the
Court to consider both the nature and the
circumstances of the offense, and the history
and characteristics of this defendant. One of
the issues that we ask the Court to consider in
reflecting on the seriousness of the offense are
the sentences imposed on the codefendants in
this case. . . .

(Cr. doc. 81 at 9-11.) And after considering her argument, the sentencing

judge discussed the § 3553(a) factors at some length:

I have . . . considered the sentencing factors set forth in 18
United States Code, Section 3553(a), and the Court considers
those factors at every sentencing.

I don't believe that it is necessary, but I will address some of
those today. For example, the nature and circumstances of the
offense and the history characteristics of the defendant. This
was a substantial cocaine conspiracy case involving substantial
amounts of cocaine that went on over a long period of time.
Mr. Futch and Mr. Wilson -- and perhaps others, known and
unknown -- were the leaders of this cocaine distribution in this
community, and it went on for a long period of time, as I've
said, and it involved substantial amounts of cocaine. From the
other cases that I had involving similarly situated
codefendants, except for the possible exception of Mr. Wilson,
those people who received their cocaine from Mr. Futch; who
in effect were Mr. Futch's agents in the distribution of cocaine
as opposed to Mr. Futch receiving their cocaine from them and
then going out and distributing it.

Also, large amounts of the cocaine in this case were not even attributable to Mr. Futch that could have been attributable to Mr. Futch. And in addition to that, Mr. Futch, even though he fought with his lawyers throughout the case, he got what the Court considers a fair deal from the government. He was facing life imprisonment if he had been convicted on these charges, and the government agreed to dismiss the indictment and file an information and allow him to proceed on that information, which significantly reduced time that Mr. Futch would have faced in this case had he been convicted in this case.

So in the Court's opinion this was a serious offense. In the Court's opinion the Court did consider the sentencing of other similarly situated individuals in this case. Part of the problem with Mr. Futch's sentence is that, unlike the other defendants who -- I think maybe the highest sentence that one of them received was 60 months or something like that -- but unlike those defendants, those defendants accepted their responsibility, which the Court has found clearly Mr. Futch did not do, and the Eleventh Circuit agreed with that. Those defendants did not obstruct justice, which the Court found that Mr. Futch clearly did, and the Eleventh Circuit agreed with that. And those defendants did not use a minor in their drug transactions, which the Court has found that Mr. Futch did, and the Eleventh Circuit has agreed with that. So all of these additional points that are added to the advisory guidelines -- and even though they are only advisory, the Court is still supposed to consider those guidelines, and the Court does consider those guidelines in an advisory manner. But all of those findings cause Mr. Futch's guidelines for sentencing purposes to be extremely higher than the other defendants that counsel has discussed. In addition, some if not all -- I can't remember precisely -- but some if not all of those defendants received 5K1.1 motions for downward departure

credit filed by the government which is not present in this case.

We then go to the question of protecting the public from further crimes. Now, Mr. Futch's criminal history category is four, because the Court knocked out the 1993 state conviction, which brought his criminal history category down from a five to a four, but the record is clear that since age 18 Mr. Futch has been involved in criminal activity. He's been involved in numerous frauds involving, you know, checks and other fraudulent schemes, and he was involved in those types of matters for a long period of time. Then along comes -- when he's 31 years of age he has his first conviction of the sale of cocaine in the Superior Court of Chatham County, Georgia. He doesn't learn his lesson by that, and while he was still on parole, when he's 34 years of age, he gets another possession of controlled substance charge in the Chatham County Superior Court. And then he doesn't learn his lesson from that, which causes him to subsequently be indicted in this Court on a future cocaine conspiracy case. And also, even though the Court advised counsel at the time of the original sentencing in this case, and I advised counsel again today, when he was 39 years of age he gets involved in a mail fraud conspiracy involving a fraudulent claim to an insurance company, which he pled guilty to and was sentenced in this Court, and no points have been attributable to him for that.

So there's nothing in Mr. Futch's prior history that leads this Court to believe that the public does not need to be protected from Mr. Futch, because he has never learned his lesson. When he's gotten deals and gotten probation, he's gone back to committing other crimes. When he's been sentenced to serve time, that hasn't prevented him from getting involved in other crimes, particularly crimes involving cocaine hydrochloride and drugs. And so the public does need to be protected, in the

Court's opinion, from future crimes that might be committed by this defendant.

He has received substantial sentences before of years of imprisonment which have not deterred him from then, once released, going back and committing other crimes.

I've addressed the issue of sentencing disparity, and I do not find that there is any disparity based upon the different records and the different histories of the different defendants. And there is also no need to have a shorter sentence here in order to offer any restitution for any victims. But the Court has considered all of those 3553(a) factors. . . .

(Cr. doc. 81 at 13-16.)

In Futch's perfunctory allegation, he offers no facts indicating that the sentencing judge failed to consider all of the § 3553(a) sentencing factors in setting his sentence or that he otherwise failed to treat the sentencing guidelines as advisory. His self-serving and conclusory claims do not merit a hearing, much less § 2255 relief. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)); *see also United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing required where movant's allegations fail to satisfy the prejudice prong of the *Strickland* test); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th

Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).

Moreover, while it is unclear from Futch's allegations, if he believes that the sentencing judge must *explicitly* consider each § 3553(a) factor on the record, he is mistaken. "In its consideration of the § 3553(a) factors, the district court does not need to discuss or state on the record each factor explicitly." *United States v. Carrazana*, 362 F. App'x 973, 979 (11th Cir. 2010) (citing *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005)). "Instead, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.* (citing *Scott*, 426 F.3d at 1329-30). Here, the sentencing judge repeatedly emphasized that he had considered all of the § 3553(a) sentencing factors. Hence, he made no 3553(a)-based sentencing error.

Futch next contends that the sentencing judge erred under *Booker* based upon his drug quantity determination. (Doc. 1 at 4.) Futch, however, pleaded guilty to possession with intent to distribute and to

distribute 3.5 to 5 kilograms of cocaine hydrochloride. (Cr. doc. 14; cr. doc. 24.) Since he *admitted* the drug quantity, this is not a case where the sentencing judge relied upon extra-verdict fact finding on that score. *United States v. Jacobs*, 145 F. App'x 656, 657 (11th Cir. 2005) (no *Booker* error when defendant admitted relevant drug amounts in plea agreement); *see United States v. Glinton*, 347 F. App'x 453, 455 (11th Cir. 2009) (a sentence enhancement based upon a defendant's admission of facts found in the PSI does not violate the constitution).

To the extent that the sentencing judge *did* rely upon extra-verdict enhancements at the *first* sentencing, such as finding that Futch used a minor to carry out his scheme and that he later obstructed justice during the criminal proceedings, Futch's claim still fails.[7] *Booker* does not limit a sentencing judge's ability to make factual findings at sentencing based upon the preponderance of the evidence standard. *United States v. Smiley*, 263 F. App'x 765, 770 (11th Cir. 2008) (quoting *United States v. Mellerson*, 145 F.3d 1255, 1258 (11th Cir. 1998)); *United States v.*

---

[7] At the first sentencing, the judge considered the PSI and heard testimony from Futch, Vicki Buck, and Agent Russel Smith before finding that Futch had obstructed justice, used a minor in the commission of the crime, and did not qualify for an acceptance of responsibility adjustment. (Cr. doc. 28.)

*Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). Indeed, the sentencing judge explicitly referred to *Rodriguez* on the record at Futch's resentencing. (Cr. doc. 81 at 8.) And Futch has not offered any argument suggesting that the sentencing judge failed to properly apply the preponderance of the evidence standard in this case.[8] He thus has shown no *Booker* error on these facts.

Moreover, no attorney ineffectiveness claims premised upon such an error can survive. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 484 U.S. at 687. Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.* Here, neither Futch's sentencing nor his appellate counsel[9] performed

---

[8] Nor did the judge extend the sentence beyond the statutory maximum of 40 years' imprisonment. 21 U.S.C. § 841(b).

[9] The same *Strickland* test applies to claims of ineffective assistance of appellate

deficiently by failing to raise a nonissue,[10] and Futch cannot show that he was prejudiced.

Next, Futch's ground 2 claim -- that his Fifth and Sixth Amendment rights were violated by the PSI's failure to "make any effort to engage in an independent analysis of the factors set forth in 18 U.S.C. § 3553(a)(4) -- is frivolous. (Doc. 1 at 5; doc. 2 at 14-15.) The presiding judge imposes a criminal defendant's sentence, not the probation officer preparing the PSI. 18 U.S.C. § 3553(a) ("The *court*, in determining the particular sentence to be imposed, shall consider --") (emphasis added). The PSI is simply a tool that a sentencing judge uses in determining the advisory guidelines range.

---

counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); S*mith v. Murray*, 477 U.S. 527, 535-36 (1986). In *Jones v. Barnes*, 463 U.S. 745 (1983), however, the Supreme Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) (quoting *Barnes*, 463 U.S. at 751-52.) Appellate counsel need not assert every potential claim of error, even if his client urges him to do so, but instead should exercise his professional judgment and select only "the most promising issues for review." *Barnes*, 463 U.S. at 752.

[10] Moreover, Futch's resentencing attorney *did* bring *Booker* to the sentencing judge's attention in her sentencing brief. (Cr. doc. 74 at 5.)

## C. Guidelines Adjustments

As discussed in the successiveness inquiry above, Futch contends that appellate counsel performed deficiently by failing to argue that the sentencing judge improperly imposed a two-level obstruction of justice sentencing guidelines upward adjustment and that he improperly denied an acceptance of responsibility downward adjustment.[11] (Doc. 1 at 7; doc. 2 at 9-13.) In the Court's Report and Recommendation addressing Futch's *first* § 2255 motion, it noted that the obstruction of justice enhancement arose from the sentencing judge's finding that Futch had provided materially false information in his pro se pleadings about being coerced into entering a guilty plea, and not from his refusal to speak with the probation officer, as he now suggests. (Doc. 2 at 10.) As the Court explained:

---

[11] In his reply brief, he suggests that his first § 2255 attorney was ineffective for failing to preserve these issues. (Doc. 14 at 3.) In addition to failing to show deficient performance or prejudice, his claim is non-cognizable because he has no constitutional right to counsel in a collateral attacks on a conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Coleman v. Thompson*, 501 U.S. 722, 752; *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993); *Presnell v. Zant*, 959 F.2d 1524, 1532 n.6 (11th Cir. 1992). Consequently, any ineffectiveness on the part of counsel during the first § 2255 proceedings does not provide a basis for setting aside Futch's conviction or sentence. *Finley*, 481 U.S. at 555.

> movant admitted at sentencing that he had lied in pro se
> pleadings about being coerced into entering a guilty plea, that
> he had only met with his counsel twice, and that he was
> wrongfully convicted. Sent. Tr. [(cr. doc. 28)] at 25-26, 29.
> Perjury and providing materially false information to a judge
> trigger application of the obstruction of justice enhancement.
> U.S.S.G. § 3C1.1, comment (n.(b) and (f)). The Court did not
> err in applying the enhancement. Movant has failed to show
> that he was prejudiced by his counsel's alleged error.
> Therefore, he is entitled to no relief on this claim.

(Cr. doc. 60 at 12.) Similarly, his admission of guilt as to the conspiracy

charge does not mandate that he be awarded an acceptance of

responsibility reduction. While

> there may be extraordinary cases in which the obstruction
> enhancement does not preclude an acceptance of responsibility
> reduction, the decision whether to give the reduction rests
> with the district judge. U.S.S.G. § 3E1.1, comment (n.4); *see
> also United States v. Amedeo*, 370 F.3d 1305, 1320 (11th Cir.
> 2004); *United States v. Singh*, 291 F.3d 756, 764- 65 (11th Cir.
> 2002). At sentencing, the district judge agreed with the
> [prosecutor] that movant's case was not an extraordinary one
> in which the §3E1.1 reduction should apply despite the § 3C1.1
> enhancement. Sent Tr. at 36-37, 49. The Court's ruling was
> not erroneous. Therefore, movant has failed to show prejudice
> and is not entitled to relief on this claim.

(Cr. doc. 60 at 12-13.) For the same reasons, Futch has failed to show

prejudice here. Consequently, his ground 4 attorney ineffectiveness

claims should be denied.

## III. CONCLUSION

For all of the reasons explained above, Futch's § 2255 motion (doc. 1) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this ___20th___ day of December, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA